## HANAGAN v. UNITED STATES.
### No. 4637.

Circuit Court of Appeals, Seventh Circuit.
March 31, 1932.

Samuel V. Jinkins, of Danville, Ill., for appellant.

Paul F. Jones, U. S. Atty., and John W. Speakman, Asst. U. S. Atty., both of Danville, Ill., and William Wolff Smith, Sp. Counsel, Veterans' Administration, and A.

Hinderliter, Atty., Veterans' Administration, both of Washington, D. C., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

PER CURIAM.

It is too plain for discussion that, if the record discloses substantial evidence to support the finding and judgment of the trial court, it cannot be disturbed on appeal. It appears that, while in the service in France, Hanagan was severely wounded just above the left knee. He was treated in various hospitals and has been in hospitals or soldiers' homes most of the time since his injury. The kneejoint has become ankylosed. In course of time a false joint formed just above the knee, which gives him some movement of the leg below that joint.

For a considerable time he used crutches to get about, and afterwards a cane, but for quite a good many years last past he has walked without a cane, save that when it is icy, and sometimes when he suffers from rheumatism in that leg or in his back, he uses a cane. On several occasions the leg seemed to give way in walking. The evidence indicates quite conclusively that, except as stated, he has for years been sound and well mentally and physically, and there is substantial evidence in the record to indicate that appellant is in every way qualified to undertake and perform such work as it might reasonably be expected a man with one leg can do.

It does not appear that since the injury he has done or attempted to do any kind of gainful work. While working quite regularly would tend to indicate a want of totality in his disability, refraining from work does not necessarily indicate the existence of total disability. That Hanagan cannot resume his former occupation of mining is very evident; and, while he appears to be a man of limited education, there is nothing in the record that reflects upon his reasonable intelligence, or that necessarily requires the conclusion that he is incapable of performing other gainful work without making use of his injured leg. The government long maintained a free service for rehabilitating veterans of the war. It is not apparent why appellant has not sought to avail himself of such opportunity, or to make reasonable effort to do something for himself. What his motive may be in thus completely resigning himself to doing nothing the evidence does not disclose.

Notwithstanding appellant's great service and sacrifice, and the evident permanent injury to his leg, this case involves no matter of sentiment, but only of contract. It can scarcely be denied that there is in the record substantial evidence indicating that this man is capable of undertaking and continuously performing such work as a one-legged man can do, and therefore he was not and is not totally disabled as the contract provides must be the case to warrant recovery upon the certificate.

There being substantial evidence to support the judgment, a reviewing court is not at liberty to disturb it.

The judgment must be, and is, affirmed.