## UNITED STATES v. LUCKINBILL.
### No. 768.

Circuit Court of Appeals, Tenth Circuit.
June 21, 1933.

John E. Haltigan, Atty., Veterans' Administration, of Witchita, Kan. (Herbert K. Hyde, U. S. Atty., and Fred A. Wagoner, Asst. U. S. Atty., both of Oklahoma City, Okl., and Davis G. Arnold and T. R. Callahan, Attys., Veterans' Administration, both of Washington, D. C., on the brief), for the United States.

A. G. C. Bierer, Jr., of Guthrie, Okl. (A. G. C. Bierer, of Guthrie, Okl., on the brief), for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Luckinbill brought this action against the United States to recover on a policy of war risk insurance. Trial by jury was waived and the cause tried to the court. At the close of all the evidence, counsel for the government moved for judgment in its favor on the ground that no substantial evidence was introduced which showed that Luckinbill was totally and permanently disabled during the life of the policy. The motion was overruled and judgment was entered for Luckinbill.

The sole question presented by this appeal is whether the court erred in overruling such motion.

The facts, considered in the light most favorable to Luckinbill, are these. While in the military service, he was issued a policy of war risk insurance for $10,000. Premiums were paid to and including the month of May, 1919. On June 1, 1919, the policy was reduced to $5,000, and premiums paid thereon to and including December, 1924. On January 1, 1925, it was converted into a $1,000 twenty-year endowment policy. Premiums were paid thereon until December, 1929.

While in the service, Luckinbill was stricken with appendicitis, and was operated on at Brest, France. The appendix was ruptured and the incision drained pus for some time. Phlebitis developed in both legs, resulting in varicose veins. He also had a post-operative hernia, which was corrected by a further operation in October, 1919. He still suffers some pain in that region, probably caused by post-operative adhesions.

At the time Luckinbill entered the army he owned an eighty-acre farm. During the period of his military service, this farm was run by his father and brother. After his discharge on May 24, 1919, he returned to this farm. He married in 1923. His wife had $1,100 in cash, and this money was applied on the purchase-price of an additional eighty acres of land. The balance of the purchase price was paid from compensation, proceeds received from an oil and gas lease, and from savings. He also rents an additional fifty-five acres. There are about a thousand peach trees on the land. He also raises grapes, asparagus, potatoes, and rhubarb. A dependable tenant farms a part of the land on shares, and does all the heavy work. On account of the varicose veins, Luckinbill cannot perform any of the work which requires him to be on his feet any substantial length of time. However, he manages the farm, keeps the books, supervises the picking, packing, and marketing of the peaches, and does other light work in connection therewith. Because of his executive and managerial ability, he has made a financial success of his farming venture, without having done any of the heavy manual labor.

The test is not whether Luckinbill is able to follow his prewar occupation, but whether he can follow continuously any substantially gainful occupation. Runkle v. United States (C. C. A. 10) 42 F.(2d) 804; Nicolay v. United States (C. C. A. 10) 51 F. (2d) 170; United States v. Thomas (C. C. A. 4) 53 F.(2d) 192; United States v. Harth

(C. C. A. 8) 61 F.(2d) 541; Hanagan v. United States (C. C. A. 8) 57 F.(2d) 860. It is admitted, and the record clearly shows, that Luckinbill is a man of intelligence and ability. His only disability is varicose veins. It is a well-known fact that there are many lines of work which a man with varicose veins can follow and earn a substantial livelihood without impairment to his health. The choice is much wider when the disabled person is intelligent and can acquire the proper training.

In United States v. Mayfield (C. C. A. 10) 64 F.(2d) 214, we held that an ignorant farm-hand with an amputated leg, the stump of which was in such a condition that he could not be on his feet all the time, was not totally disabled. See, also, Hanagan v. United States, supra; United States v. Weeks (C. C. A. 8) 62 F.(2d) 1030. In Proechel v. United States (C. C. A. 8) 59 F.(2d) 648, 650, the court said:

"One whose physical handicap permanently prevents his continuance in the occupation of baking bread may not have the training which will enable him this year or next year to fill a bookkeeper's job, but, unless he is mentally deficient or so circumstanced that opportunity for training is denied him, he can acquire the necessary training so that year after next no longer can it be said that by reason of his physical handicap he cannot continuously carry on a substantially gainful occupation."

However, Luckinbill did not choose to follow any other of the many vocations open to him; instead he went back to his prewar occupation of farming. Although he has not done the heavy farm work, his efforts in a managerial and supervisory capacity have earned him a substantial livelihood. We are of the opinion he is able to and has continuously followed a substantially gainful occupation.

The judgment is reversed with instructions to grant the United States a new trial.