**UNITED STATES v. HARRELL.**

No. 802.

Circuit Court of Appeals, Tenth Circuit.

July 3, 1933.

W. F. Rampendahl, of Muskogee, Okl., for the United States.

R. M. Mountcastle, of Muskogee, Okl., for appellee.

Before LEWIS and PHILLIPS, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This is an action brought against the United States to recover on a $5,000 policy of war risk insurance. The trial was to the court, jury trial being waived in writing. At the close of all the evidence, counsel for the appellant requested special findings of fact and conclusions of law, and moved for judgment in favor of the government. The court overruled the motion and made findings in favor of the appellee and entered judgment thereon. The appellant saved an exception to the overruling of its motion for judgment. From such findings and judgment, the appellant appeals.

The appellee alleged that he had been permanently and totally disabled since his discharge from the results of gas tuberculosis, bronchitis, and other diseases contracted while in service. The policy of insurance lapsed for nonpayment of the premiums at the expiration of the 31-day grace period from March 31, 1919, unless the appellee was at that time permanently and totally disabled.

The evidence considered in the light most favorable to the appellee, established the following facts. He was drafted into military service on October 26, 1917, and served about nine months overseas. While in the army, he applied for and was granted a policy of war risk insurance in the amount of $5,000. He was gassed in the Argonne forest and later served at three or four other positions on the front until the close of the war. At Brest, a sergeant in the medical detachment treated him for a pain in his left lung and side, although he was not taken to a hospital. During his passage back to the States he suffered four days from rheumatism. Upon his discharge at Camp Pike on March 22, 1919, the usual statement certifying to his good health was signed. He testified that when he came back he rented some land and started to farm and continued to do so until 1923. During this period he was only able to work part of the time. He would work about one-half of the day and then give out. Men were hired to help with the work. He had a pain in his left side, night-sweats, shortness of breath, and a weak heart.

There were several doctors who testified as to the appellee's condition. Shortly after his discharge, he consulted Dr. Taylor, who testified that the first time Harrell came to him, in the fall of 1920, he made a thorough examination and found a râle in the top of both lungs and a slight temperature. He diagnosed his case as bronchitis. He treated him at various times from then on until 1924. In February of 1924, he ran a temperature, had a hacking cough, and spat blood. In December, 1924, he sent him to the Holt Clinic for examination, and the X-ray showed tuberculosis.

Dr. A. F. Woods first examined the appellee early in 1922 and he diagnosed his condition as bronchitis, which he said was an infection of the lungs. "The history wasn't sufficient for me to diagnose plaintiff as having tuberculosis."

Dr. Cecil Bryan made an examination of Harrell in November, 1923, and found him suffering from tuberculosis in both lungs, which was active and moderately advanced. Upon an examination two or three years later and again in 1930 he found pyelitis.

Dr. J. L. Halcomb examined the appellee in 1926 and found him suffering from pyelitis (pus in kidney) and pulmonary tuberculosis; that he could not stand hard work and his condition was reasonably certain to continue throughout his lifetime.

Dr. J. A. Eichling testified that he examined the appellee in 1928 and found him suffering from tuberculosis, kidney trouble, and malaria; that he was not able to say what stage of tuberculosis Harrell had, but that he has been unable to work since 1928.

Dr. F. W. Dowart, who examined the appellee and took his history on the day of the trial (in 1931), testified that Harrell had advanced tuberculosis and kidney trouble; that his condition must have existed for some time

from the lesions found in his lungs. "These require two or three, two years anyway, to develop."

It appears from the testimony that from 1924 on, Harrell has had active tuberculosis and that he has not been able to work since 1923. On March 22, 1924, the appellee filed a claim for compensation with the Veterans' Bureau which he signed, and which among other things stated that he claimed 50 per cent. disability from tuberculosis which began in the fall of 1920. Many lay witnesses also testified as to his condition and farming activities.

■ The only question before this court is whether there was any substantial evidence introduced by the appellee to support the court's findings of total and permanent disability at the time he was discharged from the service, or before his war risk insurance policy lapsed for nonpayment of premiums. U. S. v. Fitzpatrick (C. C. A. 10) 62 F.(2d) 562; U. S. v. Tyrakowski (C. C. A. 7) 50 F. (2d) 766. We do not weigh the evidence, but inquire merely, whether there was substantial evidence to sustain the findings of the court. U. S. v. Phillips (C. C. A. 8) 44 F.(2d) 689.

■ It has been held by this and other courts that the plaintiff must establish, by substantial proof, that the insured was totally and permanently disabled while the policy was in force, and that proof of minimal or incipient tuberculosis during that period, without more, is not sufficient. U. S. v. Thomas (C. C. A. 10) 64 F.(2d) 245, decided March 28, 1923, Nicolay v. U. S. (C. C. A. 10) 51 F.(2d) 170, and U. S. v. Rentfrow (C. C. A. 10) 60 F.(2d) 488. It is evident that Harrell was suffering from minimal or incipient tuberculosis at the time of his discharge from the army and before his policy had lapsed, but there is no evidence that this condition could not have been arrested with proper care and rest.

In U. S. v. Thomas, supra, plaintiff sustained this burden by showing that the physical condition of the insured would not respond to treatment. No such showing was made here. It is true that Dr. Taylor attended Harrell shortly after his discharge from the army until 1924, but the fact that he did not properly diagnose his case at the start and prescribe proper treatment does not alter the fact that tuberculosis can be cured in the incipient stage, and that Harrell might have been cured.

■ Even in view of the policy of the law often expressed by the courts that these policies are to be liberally construed, and all doubts should be resolved in favor of the insured, the record does not disclose any substantial evidence to support the findings that the appellee was totally and permanently disabled at the time of his discharge or before his insurance policy had lapsed, and the judgment should be reversed.