## UNITED STATES v. DERRICK.

### No. 934.

Circuit Court of Appeals, Tenth Circuit.

April 5, 1934.

W. F. Rampendahl and Philas S. Jones, both of Muskogee, Okl., for the United States.

Eck E. Brook and A. L. Brook, both of Muskogee, Okl., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is a war risk insurance case. A jury was waived. The court found that the insured entered the Army on June 15, 1918, and was discharged therefrom on March 25, 1919; that he became totally and permanently disabled on the date of discharge; and that the policy was then in force.

■ The first matter engaging our attention is a motion to dismiss the appeal. It is predicated on the contention that the single ground urged for reversal—that the finding of total and permanent disability is not supported by substantial evidence—cannot be reviewed because defendant failed to make a proper motion at the conclusion of all the testimony for findings of fact, conclusions of law, and judgment in its favor. The bill of exceptions, duly approved by the presiding judge, recites that at the conclusion of plaintiff's case, defendant moved the court to enter judgment in its favor because plaintiff had failed to prove the allegations of his petition and that at the conclusion of all the evidence a like motion was made for findings of fact, conclusions of law, and judgment in its favor, and that it was denied. That is sufficient to present for review the insufficiency of the evidence to support the finding of total and permanent disability. White v. United States (C. C. A.) 48 F.(2d) 178; United States v. Great Northern Ry. Co. (C. C. A.) 57 F.(2d) 385. The motion is denied.

■ The burden was upon the insured to establish by substantial evidence that he became totally and permanently disabled while the policy was in force. Roberts v. United States (C. C. A.) 57 F.(2d) 514; United States v. Ivey (C. C. A.) 64 F.(2d) 653; United States v. Thomas (C. C. A.) 64 F. (2d) 245; United States v. Pearson (C. C. A.) 65 F.(2d) 996; United States v. Harrell (C. C. A.) 66 F.(2d) 231. We, therefore, review the record to determine whether the finding is thus supported.

Premiums were paid to April 1, 1919. The policy lapsed thirty days thereafter unless the insured became totally and permanently disabled prior thereto. He testified that he was a farmer before entering the service; he reached the seventh grade in school; following his return he rented a farm in 1920 and attempted to share a crop with Davis; after the two worked together about three months he sold his interest to Davis,

retired from the venture, returned to his mother's home, and did no further work during that year, except a day or two at a time; he attempted to farm the Jack Walker place in 1921; his brother had it rented; he hired the work done, borrowed the money from the bank with which to pay for the work and repaid it from the proceeds of the crop; he worked a month or so in each of the years 1922 and 1923; he married in 1924 and resided on the Davis farm; he hired the work done there and borrowed the money with which to pay for it; he farmed in 1925, but could not remember who worked for him; he drove a team about the farm and worked for two or three days at a time; he underwent an operation for appendicitis in 1927 and did not work in 1928 or 1929. His testimony was corroborated in certain respects by that of his sister and that of his brother. The sister stated that he worked some after his return from the service. The brother merely said that he was in good health before enlisting and was unable to work following his discharge.

■ Dr. Scott and Dr. Jones each examined the insured in 1919. Dr. Nicholls made an examination in 1931. Dr. Thompson first examined him in January, 1932, and Dr. Dorwart made his first examination in March of that year. Each made a diagnosis of tachycardia, cause undetermined. The substance of their testimony, separately and collectively, was that in their opinion he could not do manual labor, such as farming, not that he was unable to follow continuously any substantially gainful occupation. One said that he could not do strenuous work; another that he was unable to do heavy work; and one that he could do light work. His inability to pursue his pre-war occupation or to do heavy or strenuous manual labor is not the test. It was not enough to show that he could not follow the occupation in which he engaged prior to his service in the Army. It was necessary that he prove with reasonable certainty, that is, by substantial evidence, his inability to follow continuously any substantially gainful occupation. United States v. Luckinbill (C. C. A.) 65 F.(2d) 1000; Hanagan v. United States (C. C. A.) 57 F.(2d) 860; United States v. Thomas (C. C. A.) 53 F.(2d) 192. Although one may be unable to follow his pre-war occupation, still if he can perform continuously lighter or less strenuous work, substantially gainful in character, he cannot recover in a case of this kind. United States v. Mayfield (C. C. A.) 64 F.(2d) 214; White v. United

States (C. C. A.) 53 F.(2d) 565; Gregory v. United States (C. C. A.) 62 F.(2d) 345; United States v. Cornell (C. C. A.) 63 F. (2d) 180; United States v. Messinger (C. C. A.) 68 F.(2d) 234.

The insured stated in connection with his discharge that he then had no disability or impairment of health. He first applied for disability compensation in 1927—eight years after the time he now asserts he became totally and permanently disabled. He did not institute this action until October, 1931 —more than twelve years after he now contends total and permanent disability overtook him. These are strong circumstances and have direct bearing on his physical condition during that period. In the recent case of Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 276, 78 L. Ed. 492, the Supreme Court said:

"His own statements to medical men, their diagnoses, his repeated applications to the government for compensation, and his failure earlier to assert any claim, show that for a decade he did not believe that he was totally and permanently disabled when he let his policy lapse May 31, 1919. And in the absence of clear and satisfactory evidence explaining, excusing, or justifying it, petitioner's long delay before bringing suit is to be taken as strong evidence that he was not totally and permanently disabled before the policy lapsed."

That language is apposite. There is no explanation here of the long delay in asserting a claim under the policy or in instituting the suit.

Viewed in its most favorable aspect, there is no substantial evidence to support the finding of total and permanent disability while the policy was in force. Accordingly, the judgment must be reversed.