### UNITED STATES v. PRICE.

#### No. 7609.

Circuit Court of Appeals, Fifth Circuit.
May 15, 1935.

Armistead L. Boothe, Atty., Department of Justice, of Washington, D. C., and J. E. Meredith, Asst. U. S. Atty., and Alexander C. Birch, U. S. Atty., both of Mobile, Ala., for the United States.

Robert T. Ervin, Jr., of Mobile, Ala., and Philip D. Beall, of Pensacola, Fla., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal presents only the question whether there was evidence of total and permanent disability during the life of a policy of war risk insurance sufficient to warrant recovery on it. The soldier received in France shrapnel wounds in shoulder and hip, and says he got gassed also, but the Army record shows only the wounds. He was discharged from the Army February 10, 1919, as in good condition save for the effects of the wounds then healed; a 10 to 15 per cent. compensable disability being allowed him. He paid no further insurance premiums. After staying for eight or ten months at his father's farm in Alabama, doing but little work and troubled with a cough and indigestion, he went to Michigan for employment. In 1920 he married there. Having worked only intermittently, he returned to his home. Most of the years since, he and his wife have lived on small farms, she aiding with the work and some help being hired. The soldier could not work continuously. He had a job driving a team at a sawmill, but averaged only about three days per week at that. In April, 1922, he applied for and was granted an insurance certificate in the Woodmen of the World, he warranting that he was of sound bodily health and mind and had no injury or disease that would tend to shorten his life, and stating in his medical examination that he had never had asthma or bronchitis or dyspepsia, and had not consulted or been attended by a physician for five years past except for an injury by wound in military service, duration two months, with complete recovery, for which a partial disability

allowance was made. He still keeps up this insurance. Three different government physicians made examinations in April, 1921, November, 1921, and June, 1931, finding nothing wrong except the old scars, and that he was capable of vocational training, though he never took it. They all testified as witnesses accordingly, and that the soldier was at no time totally and permanently unable to work. In 1927 and 1928 he had seasonal employment at fair wages as overseer of a farm, and he testifies that he knows farming and could do overseeing again. In 1929 he returned to Michigan for six months, doing machine work and quitting voluntarily. Since then he has raised chickens and sold milk and butter with his wife's help, and thus they and their three children live. He complains of weakness and nervousness and chronic bronchitis, and that he cannot do hard or constant work. One physician, Dr. Hail, testified that in his opinion, since discharge from the Army in 1919, Price has not been "able to follow continuously any substantially gainful employment with reasonable regularity," and Dr. Jordan gave a like opinion for the time subsequent to his examination in 1927. These opinions thus expressed are not of probative value, and should have been excluded. Miller v. United States (U. S.) 55 S. Ct. 440, 79 L. Ed. ——; Hamilton v. United States (C. C. A.) 73 F.(2d) 357. Considering that Price made no claim of total and permanent disability until 1931, he is under a heavy burden of showing clearly after this lapse of time that such disability existed at and before the lapse of his policy. Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492. The evidence is not sufficient to establish this. His conduct in marrying in 1920, in obtaining insurance on representations of good health, and in making no claim at all under this solvent contract with the United States for these many years, and his admissions that he is able to drive a car, to oversee a farm, to raise chickens and the like, are not met by the vague evidence of ill health presented in this record. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.