## UNITED STATES v. MATHIS.*

### No. 1362.

Circuit Court of Appeals, Tenth Circuit.

June 16, 1936.

Randolph C. Shaw, of Washington, D. C. (Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Fendall Marbury, Sp. Asst. to the Atty. Gen., and Armistead L.

*Rehearing denied Aug. 5, 1936.

Boothe, Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

Frank C. Wade, of Terre Haute, Ind. (Frank O'Brien, of Fort Scott, Kan., on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal by the United States from a judgment recovered by Mathis on a policy of war risk insurance.

Mathis served in the United States Army from May 1, 1917 to March 28, 1918. On February 1, 1918, he applied for and received a policy of war risk term insurance for $10,000. He duly filed a claim for insurance benefits on March 21, 1930. The claim was denied March 29, 1932, and Mathis brought the action within the time limited by law.

Trial by jury was duly waived. This appeal presents the question properly raised below, whether there was substantial evidence that Mathis, subsequently to February 1, 1918 and on or prior to May 31, 1918, became totally and permanently disabled. Unless Mathis became so disabled within that period, the policy lapsed on the latter date.

The evidence viewed in a light most favorable to Mathis, established these facts:

Mathis was mentally and physically fit when he entered the army. He performed the ordinary duties of a soldier until November, 1917. During that month he was vaccinated and suffered a blow on the head from a stick of wood. About December 1, 1917, he began to suffer from pains in the head and numbness on one side of the head, had dizzy spells and experienced loss of equilibrium. He obtained permission to go on "sick call" and reported at the hospital for examination every other day for three weeks. The hospital authorities then advised him he need not return any more. He did not report on "sick call" thereafter. About December 1, 1917, he became partially deaf and staggered when drilling. He was excused from drill duty and put on incinerator duty—burning waste and trash from the mess hall. He remained on incinerator duty until his discharge. Mathis testified: "I got along on that duty fairly well but there wasn't anything to do." The dis-

charge certificate read in part as follows: "Discharged from the military service of the United States by reason of physical disability * * * Inf. 27-18.—Otitis media, chronic, bilateral." Mathis testified: "My disability began something near or around December 1, 1917. I don't know whether there was any difference between my condition two months after discharge than there was at that time."

Mathis had a fourth grade education. After returning home following his discharge, and up to the fall of 1919, he attempted to do various kinds of physical labor—construction work, digging holes for telephone poles, oil field work and picking mussell shells. He worked at each employment for short periods, but found that his lack of equilibrium disabled him from doing the work.

He entered a government hospital at Leavenworth in the fall of 1919, and remained about five months. Following that he took vocational training in poultry raising for six months. He then married and went into project training on a property owned by his wife. After taking project training for six months, Mathis built poultry houses and took up the raising of poultry. He continued in that business with fair success for about four years, but his wife did a substantial part of the work. His wife died and Mathis sold the poultry business being unable to carry it on alone. He purchased another property in 1926. In 1927 he remarried. In the latter year he constructed two tourist cabins; he added two more in 1928; and in 1930 put in a filling station. His wife furnished the money to make such improvements. The venture was not successful and in 1932, Mathis traded the property for a farm. He leased that farm and later traded it for a smaller one of thirty acres where he and his wife are now living and raising poultry, pigs and keeping a few milk cows. His wife does practically all the work.

The medical evidence discloses that Mathis has suffered from chronic otitis media, bilateral, since prior to his discharge and with chronic mastoiditis since May, 1920, resulting in pain, considerable deafness, and loss of equilibrium; that his condition has grown progressively worse; and that he now has chronic Bright's disease of long standing.

He has made sincere attempts to support himself but his only successful venture was in the poultry business where his wife did a substantial part of the work. His work record tends to establish rather than refute his claim of disability. United States v. Pearson (C.C.A.10) 65 F.(2d) 996; United States v. Fitzpatrick (C.C. A.10) 62 F.(2d) 562; United States v. Thomas (C.C.A.10) 64 F.(2d) 245; Storey v. United States (C.C.A.10) 60 F.(2d) 484.

We are of the opinion that the evidence was sufficient to support a finding of total and permanent disability on May 31, 1918. However, it was incumbent on Mathis to establish that he suffered such disability subsequently to February 1, 1918, to bring its occurrence within the period the policy was in force. United States v. Stevens (C.C.A.8) 64 F.(2d) 853; Hicks v. United States (C.C.A.4) 65 F.(2d) 517, 520, 521; United States v. McIver (C.C. A.4) 77 F.(2d) 208; United States v. Hodges (C.C.A.6) 74 F.(2d) 617; Schmidt v. United States (C.C.A.8) 63 F.(2d) 390.

The long delay in bringing the suit cast a heavy burden on Mathis. Lumbra v. United States, 290 U.S. 551, 560, 561, 54 S.Ct. 272, 78 L.Ed. 492; United States v. Walker (C.C.A.5) 77 F.(2d) 415, 418; United States v. Price (C.C.A.5) 77 F.(2d) 345, 346; United States v. Taylor (C.C. A.4) 76 F.(2d) 324, 325; United States v. Derrick (C.C.A.10) 70 F.(2d) 162, 164; Carey v. United States (C.C.A.10) 69 F. (2d) 766, 767.

The disability on May 31, 1918, was due to partial deafness and loss of equilibrium. Mathis commenced to suffer from partial deafness, pain and numbness in the head, and loss of equilibrium December 1, 1917. While he was on incinerator duty from about that time until his discharge, he testified it involved no work. He was unable to note any substantial change in his condition between December 1, 1917 and May 28, 1918.

We are of the opinion Mathis did not meet the burden of proof with respect to the time the total and permanent disability commenced but left it in the realm of uncertainty and conjecture.

Reversed with instructions to grant the United States a new trial.