PAUL and another, Respondents, vs. MARKLE, Appellant.

*January 16—February 25, 1947.*

*Charles L. Mullen* of Milwaukee, for the appellant.
*Phillip J. Fox* of Milwaukee, for the respondents.

BARLOW, J.   September 20, 1944, Joseph Markle by written agreement gave Henry Paul, Jr., the right to sell or purchase, within sixty days, certain described real estate for the sum of $11,300 or $11,000, providing for five per cent commission to be paid to sellers.   On or about October 5, 1944, plaintiffs notified the defendant the Stayers had agreed to purchase the property, and obtained the abstract from defendant to deliver to Stayers' attorney for examination. · Markle was notified several times that the Stayers were ready to complete the purchase, and it is undisputed that Markle asked that the matter be delayed because he had the property listed with another broker, which listing would expire November 16, 1944, and he did not desire to complete the transaction until after the ex-

piration of that date, to avoid any possible liability to the other broker.

It appears the Stayers were ready, willing, and able to purchase this property at all times after the extension and examination of the abstract shortly after October 5, 1944. Respondents attempted to have Markle meet with the Stayers and complete the transaction, but were unable to do so, and finally fixed November 20, 1944, which was a day after the listing agreement expired, as the date for meeting and completion of the transaction. Stayers and their attorney met at the time and place fixed and remained from seven in the evening until midnight, but Markle failed to appear. The next day respondents requested that appellant execute the deed, and he informed them he was going to see his attorney. The sale was never consummated.

Appellant contends, (1) The agreement does not comply with the provisions of sec. 240.10, Stats.; (2) assuming the listing agreement is valid, the terms of payment were not in accordance with the agreement; (3) no sale was made and therefore no commission earned; (4) findings of the trial court are not supported by a fair preponderance of the testimony.

It is claimed the instrument dated September 20, 1944, was merely an option to purchase and did not create the relationship of principal and agent. The word "option" is used in the instrument because the plaintiffs were given the right "to sell or purchase" the property upon the terms mentioned, but provision is made to pay the sellers a commission of five per cent, and the sellers referred to are the plaintiffs. Thus an agency was created under *Shepard v. Pabst* (1912), 149 Wis. 35, 44, 135 N. W. 158, where the court said:

"There is nothing inconsistent in a contract which creates an agency to sell and also gives the agent an option to himself purchase, which he is at liberty to avail himself of at any time during his agency but is not bound to do so."

The next question is whether the terms of payment were in accordance with the agreement. The sale price was fixed at the sum of $11,300 or $11,000, and no provision was made for terms of payment. While commissions are not due brokers until a buyer is obtained who is ready, willing, and able to buy, unless it is definitely shown that the buyer was ready, willing, and able to purchase upon the principal's terms, *Dean v. Wendeberg* (1921), 175 Wis. 513, 185 N. W. 514, the buyers of this property were ready, willing, and able to purchase upon the principal's terms, which was to pay the full amount of the purchase price in cash. Appellant relies on an agreement entered into between respondents and the Stayers, dated September 25, 1944, wherein the Stayers agreed to purchase this property for the sum of $11,600, making a small down payment and providing for the balance to be paid partly in cash and partly by a mortgage on the premises. It was conditioned upon property owned by them in the city of Milwaukee being sold for the sum of $4,950. Appellant knew nothing about this agreement until this action was started, but about October 5, 1944, the Stayers agreed to purchase the property and pay the full amount in cash without any reference to the sale of property which they owned. This is the agreement upon which respondents rely, and is a subsequent agreement to the one entered into September 25, 1944. Thus the first agreement between the Stayers and respondents cannot be relied upon by appellant to show that the terms of payment were not in accordance with the listing agreement. No payments were asked to be deferred and the offer to pay the full amount of the purchase price in cash was compliance with the terms of the listing agreement.

Appellant contends no sale was made, and therefore no commission earned, and relies upon the fact that no enforceable contract was obtained by the sellers, citing *Huntly v. Smith,* 153 Minn. 297, 190 N. W. 341, and other cases. While such a contract would be valuable evidence, we find

these cases also provide that where a seller affords the owner an opportunity to make a binding contract with a proposed purchaser on the authorized terms, this is sufficient. Here the sellers produced a purchaser who was ready, willing, and able to purchase, and afforded the owner an opportunity to make a binding contract, and in fact to complete the transaction, but the owner, for reasons best known to him, not only failed but refused to comply with the terms of the agreement. In the case of *Dean v. Wendeberg* (1921), 175 Wis. 513, 515, 185 N. W. 514, this court said:

"But it would be manifestly unjust that the principal could avoid paying a commission fairly earned if by his own fault or misconduct or wrongful neglect he has prevented the consummation of his contract with the buyer, and the courts will not sanction such injustice."

Respondents performed their part of the contract: They produced a purchaser ready, willing, and able to purchase or enter into a valid contract upon the terms specified in the listing agreement; they notified appellant not only once but several times that they had such purchaser, and attempted to have appellant fix a time and place to complete the transaction. Appellant was aware of this condition for a period of over a month, and refused during that entire period to meet the prospective purchasers or complete the transaction. Respondents could do nothing more.

This brings us to the contention that the findings of the trial court are not supported by a fair preponderance of the testimony. Appellant contends that the agreement was entered into between appellant and Henry Paul, Jr., and for this reason the partners, Paul & Wick, are not proper parties plaintiff. We find no merit in this contention. Henry Paul, Jr., entered into the contract for the benefit of the partnership and the members of the partnership are proper parties plaintiff.

Appellant also claims that the final attempted arrangement for the meeting between appellant and the prospective pur-

chasers' was the day after the contract expired. This would have some merit if appellant had not failed and refused to meet at an earlier date over a long period of time; and the further fact that he refused to meet on the date fixed is proof that he at no time intended to carry out the terms of the contract. Without discussing the testimony further, it is sufficient to say that the record clearly discloses sufficient testimony upon which the court's findings could reasonably have been based, and these findings are not contrary to the clear preponderance of the evidence.

*By the Court.*—Judgment affirmed.