**McCLENDON. v. UNITED STATES et al.**

No. 9259.

Circuit Court of Appeals, Seventh Circuit.

Oct. 13, 1947.

John M. Karns and James F. Wheatley, both of East St. Louis, Ill., for appellant.

John F. Sonnett, Searcy Johnson, D. Vance Swann, and Wm. M. Lytle, all of Washington, D. C., Wm. W. Hart, U. S. Atty., and Ernest R. McHale, Ass't. U. S. Atty., Rudolph J. Kramer, Bruce A. Campbell, Robert E. Costello, and Roland H. Wiechert, all of East St. Louis, Ill., for appellees.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff brought this action to recover benefits under a contract of insurance issued to her son, Ernest Kuykendall, under the National Service Life Insurance Act, as amended July 11, 1942, Chapter 13, Title 38 U. S. C. A. § 801 et seq., in which the insured named as his beneficiary Nezzie Clasberry, his grandmother, and, as contingent beneficiary, Zula Walls, his aunt. The Government answered, denying that plaintiff was entitled to recover, and filed an interpleader, admitting its liability but praying that both the mother and the aunt be required to submit their respective claims of right to recover. The aunt having asserted her claim, the court found in her favor and denied the claim of the mother, who prosecutes this appeal.

The trial court found that the insured was a son of plaintiff born out of wedlock; that the father never acknowledged his son, cared for him or contributed to his support; that the mother "never at any time conducted herself towards" her son "as a mother's duty would require"; that she turned him over to her own mother and plaintiff's sister, the aunt, with whom the boy made his home from and after 1939 until his induction into service in 1942 and that during that period, and for years prior thereto, the aunt cared for him as if she were his mother, lawfully stood in loco parentis to him continuously "for a period of at least four years prior to his death" and was entitled to recover the insurance benefits.

The evidence was sharply controverted, several witnesses testifying for each claimant. A careful examination of the evidence discloses, we think, not only an abundance of evidence to support the findings but, as the District Judge found, a substantial preponderance in their favor. In this situation we are powerless to disturb the judgment, for, under Rule 52 of

the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and repeated decisions of this court "findings of fact shall not be set aside unless clearly erroneous." Gary Theatre Co. v. Columbia Pictures Corp., et al., 7 Cir., 120 F. 2d 891, 892; Hanagan v. United States, 7 Cir., 57 F.2d 860; Edwards v. Lain, 7 Cir., 112 F.2d 343; Zazove v. United States et al., 7 Cir., 156 F.2d 24.

Plaintiff questions the propriety of the judgment in favor of the aunt for the reason that at one time, prior to her death, the Veterans' Administration declared the grandmother an eligible beneficiary as one occupying the status of loco parentis. This, we think, is wholly immaterial. The grandmother died and the Administration then found the aunt eligible under the Act, being in loco parentis. But neither holding had the effect of a final adjudication. Such judicial decision could come about only as the result of a trial in a court where the respective rights of the parties could be heard, determined and adjudicated. Just as the original finding was not binding on the plaintiff, so the second was without effect upon her rights. Under the Act the final decision is for the court, and intermediate and interlocutory orders or findings of the Administration are not decisive in such a hearing; they are wholly without limiting effect upon the court's authority to decide.

The judgment is affirmed.