**JACKSON et al. v. GOES et al.**

No. 9957.

United States Court of Appeals
Seventh Circuit.

May 17, 1950.

Rehearing Denied June 13, 1950.

Harold A. Fein, Chicago, Ill., E. T. Kroog, Milwaukee, Wis., for appellant.

Richard S. Gibbs, Milwaukee Wis., Arthur Wickham, Milwaukee, Wis., Leon B. Lamfrom, A. J. Engelhard, Milwaukee, Wis., for appellees.

Before KERNER, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

In January, 1943, plaintiff, a Chicago broker, contacted officials of The Vilter Manufacturing Company concerning a possible sale of the latter's business and assets. The ensuing negotiations were broken off in February, 1943, but were resumed late in March, 1944, after Jackson had succeeded in interesting one Owen Coon as potential purchaser. On February 27, 1945, Jackson and Coon went to Milwaukee, where the latter met defendant Goes, then Vilter's vice-president, and made an inspection of the plant. Subsequently, on March 7, Jackson proposed to Vilter's stockholders that they sell the company's assets to Coon for $1,200,000, stipulating that his commission would be 5% of the sale price. The stockholders suggested that $1,300,000 would be more nearly in line, and Jackson, although expressing doubt that Coon would meet that figure, said that he would attempt to procure a commitment for that amount. Subsequently, the stockholders agreed among themselves that they would be willing to sell the capital stock for $1,200,000.

On April 2, 1945, at a second meeting in Milwaukee, Coon told defendants he was not averse to paying $1,200,000 for the assets, provided $900,000 of this amount be paid in cash and the balance secured by a purchase-money mortgage. However, there was extended testimony to the effect that Coon, though requested so to do, refused to make an earnest payment or to sign an agreement, but that, stating that, inasmuch as he was about to leave for Mexico and desired that his lawyer, his auditor, and his engineer make further investigations during his absence, he wanted it understood that he was not binding himself to purchase the property and that Vilter was not bound to sell it to him. While Coon was in Mexico,

Vilter's officials began negotiations with another prospective buyer and before Coon's return, defendants had sold all their stock to Foundations, Inc., a Wisconsin corporation. Jackson's subsequent demand of $60,000 for "services rendered re sale of Vilter Manufacturing Company" having been refused, this suit was instituted.

The District Court, finding that "Plaintiff failed to produce a buyer who was ready and willing to be bound to purchase, either upon terms agreeable to the defendants, or at the terms stipulated," concluded that "Plaintiff is not entitled to any commission," dismissed the complaint and entered judgment for the defendants. Jackson appeals, contending that the court's conclusions of law are erroneous and that certain of its findings are not supported by the evidence.

The findings of fact which are attacked read, in part, as follows:

"7. Plaintiff was unable to prevail upon Mr. Coon to increase his offer of $1,200,000. After some correspondence and more telephone calls, another meeting was held in Milwaukee on April 2, 1945, at the office of the attorneys representing the company. This meeting was attended by plaintiff, by Mr. Coon and Mr. Tilton, by Mr. Foley and Mr. Rapkin, * * * and by all of the defendants except the defendant Kremer and the defendant trustees * * *. Mr. Coon stated that it was agreeable to him to eventually purchasing the assets of the company for $1,200,000, of which amount $900,000 would be paid in cash and the balance would be covered by a mortgage. He, however, would not bind himself either in writing or orally to make such a purchase. When asked if he would make an earnest payment, he refused. It was suggested to him that he sign a preliminary agreement, but he again refused. He stated that he was about to leave for Mexico on a vacation and he desired that in the meantime his lawyer, Charles Aaron, come to Milwaukee to inspect certain papers, such as patents, abstracts and contracts, and also confer with the attorneys representing the company. He stated further that he desired to have his engineer and also his auditor make further investigations. He expressly stated that he wanted it understood that he was not binding himself to purchase the assets and that the company was not bound to sell the property to him.

"12. Plaintiff has not produced a buyer ready and willing to purchase upon the terms agreeable to the defendants or ready and willing to buy at the stipulated terms. Although plaintiff made a sufficient showing that Mr. Coon or the Wacker Corporation, which he represented, had financial ability to consummate the proposed deal, Mr. Coon and the Wacker Corporation refused to be bound to carry out the terms of the proposed sale discussed at the time of the meeting on April 2, 1945. Thereafter no agreements was ever made by Mr. Coon or the Wacker Corporation which was binding on either of them. Mr. Coon also refused to make any down payment or to deposit any earnest money. He likewise refused to sign any preliminary agreement. He wanted to be free, if he so desired, upon his return from Mexico and after consulting with his attorney, his engineer and his auditor to turn down the proposed deal. While plaintiff did all he could to consummate the sale, his prospective purchaser was either unwilling or not ready to buy upon the terms discussed. * * *.

"13. Plaintiff has not complied with the terms and provisions of the stockholders' agreement * * * nor with the agreement which he had with the defendants * * *."

The record reveals that these findings are supported by the testimony of four witnesses, Foley, Rapkin, Vilter and Goes. Jackson, though conceding that this testimony, if credited, would constitute evidence so substantial and adequate as to preclude this court from disturbing the findings, seeks to avoid this result by an assertion that the testimony "loses its entire force because of inconsistency with the facts" and because it "is wholly contradicted by documentary evidence." But the documentary evidence to which he refers, consisting of communications between and memoranda prepared by various persons involved in the negotiations, is, at best, uncertain and indefinite, and does not, except by virtue of the inferences sought to be

drawn therefrom by Jackson, contradict the testimony on which the District Court relied. In this situation, to set aside the findings would be to ignore Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that "findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of witnesses", as well as this court's decisions, among many others, in Fox River Paper Corp. v. U.S., 7 Cir., 165 F.2d 639; McClendon v. U.S., 7 Cir., 163 F.2d 895, and Bowles v. Arlington Furniture Co., 7 Cir., 148 F.2d 467.

█ Jackson also argues that the District Court's conclusion that "Plaintiff is not entitled to any commission" does not follow as a matter of law from its prior conclusion that "Plaintiff failed to produce a buyer who was ready and willing to be bound to purchase, either upon terms agreeable to the defendants, or at the terms stipulated," for it is his contention that a broker, in order to earn his fee, need only produce a buyer who is *ready and willing to purchase* on the terms submitted to the broker, not a buyer who is *ready and willing to be bound to purchase* on those terms. That this distinction is, legally, one without a difference seems obvious, and that it is so regarded in Wisconsin is clear from the statement of that state's Supreme Court, in Dean **v.** Wendeberg, 175 Wis. 513, 515, 185 N.W. 514, that "* * * the commission is earned when the proposed purchaser is able and willing to take the property *or* enter into a valid contract upon the terms which have been specified by the principal. Willes v. Smith, 77 Wis. 81, 45 N.W. 666, * * * cases cited in 44 L.R.A. 593." (Emphasis supplied.) Here, as the trial court observed, Jackson produced a prospective buyer, but there is adequate evidence that this tendered vendee, when afforded an opportunity to consummate the transaction at the meeting of April 2, 1945, refused to do so. As the District Court found, he was not willing, at that time, to purchase the property, or to bind himself to do so at a later date. It was clearly within the court's province, under the circumstances of this case, to find that Jackson had failed to pro-

duce a buyer ready, willing and able to buy and it could conclude only that, consequently, he was entitled to no commission. Stewart v. Mather, 32 Wis. 344, 349; Willes v. Smith, 77 Wis. 81, 86, 45 N.W. 666; Grinde v. Chapman, 175 Wis. 376, 377, 185 N.W. 288; Paul v. Markle, 250 Wis. 81, 85, 26 N.W.2d 276.

The judgment is affirmed.