### MARSH v. UNITED STATES.

District Court, E. D. Arkansas, W. D. June 18, 1929.

No. 6946.

John E. Miller, of Searcy, Ark., and Brown & Nixon, of Little Rock, Ark., for plaintiff.

Cleveland Cabler, Legal Adviser, U. S. Veterans' Bureau, of Little Rock, Ark., and Ira J. Mack, Asst. U. S. Atty., of Newport, Ark.

MARTINEAU, District Judge. This is a suit by the plaintiff to recover on a war risk insurance policy issued to him on July 10, 1918. He seeks to recover on the ground of his permanent disability, which he alleges existed at the time of his discharge on November 16, 1918.

Marsh enlisted in the army on July 5, 1918, and was at that time presumptively a strong, able-bodied man. He was discharged as being physically unfit for military service. The specific disability with which he was suffering was one which affected his heart, and is known as neurocirculatory-asthenia.

On January 9, 1921, he was allowed compensation by the Rating Board of the Veterans' Bureau on account of partial disability from the date of his discharge. From January until the latter part of May, 1921, his disability was classed as temporary total, when he was again classed as temporary partial, in which classification he remained until April, 1922. Then he was again put in the temporary total class, where he remained until January 2, 1923, when he was put back in the temporary partial class. Here he remained until June 19, 1924, when his disability was classed as permanent total, in which class he still remains.

At the time of his discharge, he was unquestionably disabled to some extent. The records of the Bureau show that the examining and classification board, either because of an uncertainty as to his affliction, or because of a change in his physical condition, made the various classifications of his disability above detailed.

Shortly after leaving the army, it is shown that he attempted to engage in farming. His physical condition, however, was such that he could not successfully pursue this occupation. He was then, under the Vocational Training Department of the Bureau, put in a shoe repair shop, but was unable physically to engage in that business. He later engaged in the dairy business. He has never since his discharge been able to engage for any great length of time continuously in any gainful occupation. His heart disability seems to have been such that he could not engage in any work which required much physical exertion.

If the classifications given him by the Bureau may be taken as an indication of the progress of his disease, we must conclude that from the time of his discharge up to the present time his physical condition has grown gradually worse. Shortly after he was discharged he was classified as totally temporarily disabled. There has been no improvement in his condition, but subsequent facts and a better understanding of his ailment has demonstrated to the government physicians that his disability was permanent. If they were in doubt as to the nature of his disease or disability, it was perhaps entirely proper for them to classify it as total temporary, but. if after the lapse of time it is shown that the disability which he then had which was

thought to be only temporary was in fact permanent, the court should classify it as a total permanent disability.

The Classification Board of the Bureau seems to take the view that, if his physical condition will permit him to engage in some occupation requiring but little physical exercise, he ought not to be classed as totally and permanently disabled. The decisions of the courts are fairly in accord that "total disability" is "any impairment of mind or body rendering it impossible for the disabled person to follow continually any substantial, gainful occupation. It ·is to be deemed permanent whenever it is founded upon conditions which render it reasonably certain throughout the life of the person suffering from it." This does not mean that a person must be in such a physical condition as to render it impossible for him to do any work at all. If his physical condition is such that he cannot engage continuously in some gainful occupation, then he is totally disabled. The fact that he may engage in some light occupation, requiring but little physical exercise, or that he may work for short intervals at some work, would not mean that he is not totally disabled within the meaning of the policy and the regulations of the Bureau of War Risk Insurance.

This man was an uneducated man, fitted only for work on a farm, or some other occupation requiring physical exertion. His heart ailment was such that he could not continuously engage in such an occupation without endangering his health and perhaps bringing about his death. The testimony of one of the physicians shows that when he was required during the examination to hop for a short while he fainted.

I am of the opinion that any one who is suffering from a heart affliction such as his, who is only fitted by training to engage in some occupation requiring physical exertion, should be classed as totally disabled, although his affliction might be such as would enable him to engage in mental work, or in some occupation requiring but little physical effort. Such positions are not open to men of this class. While he cannot claim total disability solely upon the ground that he is not able to engage in farming, yet he may be totally disabled if his disability renders it impossible for him to pursue any gainful occupation for which he is physically and mentally equipped.

The fact that this plaintiff was discharged from the army on account of his physical disability and that that disability was an impairment of the heart, and further during ten years, although treated at times by government physicians and by other physicians, his condition is not improved, leads me to the conclusion that he was totally and permanently disabled at the time of his discharge from the army. This conclusion is supported by Starnes v. United States (D. C.) 13 F.(2d) 212; United States v. Cox (C. C. A.) 24 F.(2d) 944; United States v. Sligh (C. C. A.) 31 F.(2d) 735.

A judgment in accordance with this opinion will be prepared and submitted to the court for approval.