## ANDERSON v. UNITED STATES.

No. 5962.

District Court, W. D. Pennsylvania.
Feb. 25, 1930.

Charles M. Donley, of Pittsburgh, Pa., and Challen W. Waychoff and Roy J. Waychoff, both of Waynesburg, Pa., for plaintiff.

Louis E. Graham, of Pittsburgh, Pa., for the United States.

**SCHOONMAKER, District Judge.**

This is an action to recover permanent disabilities under a war risk insurance policy issued to the plaintiff in the sum of $10,000. Plaintiff enlisted in the United States Army for military service on October 5, 1918, and was discharged on April 5, 1919. His premiums on his policy of war risk insurance were paid up to and including the month of April, 1919. He contends that he was permanently and totally disabled at a time prior to his discharge from the military service, and that therefore he is entitled to recover under the total disability provisions of the policy at the rate of $57.50 a month from April 5, 1919, to April 11, 1929, the date of the beginning of the suit in the instant case.

The case was submitted to the jury, and they found in favor of the plaintiff for the total amount of the monthly disability for the period from April 5, 1919, to the date of the suit, April 11, 1929.

The defendant has moved for a new trial, urging that the court erred in admitting improper evidence on the trial and in refusing the defendant's motion for binding instructions.

We have carefully reviewed the evidence in this case and have come to the conclusion that there is evidence in the case from which the jury might properly find that the plaintiff was permanently disabled prior to the time of his discharge from the military service, and that that disability has continued down to the date of the beginning of this suit. It appears that he suffered from bronchial pneumonia and pleurisy while in the military service, and continued in one hospital after another during all the time that he was in France. On returning to the United States after the armistice, he was discharged on April 5, 1919, going then to his home; and the testimony shows that from the time of his arrival home, he was sick and unable to perform continuously any gainful occupation. There is some evidence that he did earn some money after his discharge, but that mere fact would not prevent him from recovering the total disability fixed by the policy. The evidence showed that the work he did was intermittent and continued only for brief periods.

The courts have held that within the meaning of the war risk insurance policy, total disability results when there is any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantial gainful occupation; and the fact that the assured may be able to perform some simple kind of physical labor intermittently does not change the total disability status. Eliasson v. U. S. (C. C. A.) 20 F.(2d) 821; Starnes v. U. S. (D. C.) 13 F.(2d) 212; Jagodnigg v. U. S. (D. C.) 295 F. 916.

We therefore conclude that we committed no error in submitting this case to the jury, and that the motion for a new trial must be denied.