## O'HORA v. UNITED STATES.
### No. 2279.

District Court, M. D. Pennsylvania.
May 21, 1931.

Earl V. McLaughlin, of Scranton, Pa., for the plaintiff.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa., and John M. Dervin, Regional Atty., United States Veteran's Bureau, of Philadelphia, Pa.

WATSON, District Judge.

This is an action on a war-risk insurance policy. The case was tried without the intervention of a jury, the attorneys of record having agreed to waive a jury by a stipulation in writing filed with the clerk.

From the evidence, the court finds the following facts:

(1) That plaintiff entered the United States Army on December 7, 1917, and thereafter, until March 16, 1918, was in the active service of the United States Army.

(2) That, on December 7, 1917, the plaintiff was granted war-risk insurance pursuant to the Act of Congress (40 Stat. 398) in the sum of $10,000, which insurance was payable to the plaintiff in installments of $57.50 per month for a period of 240 months, in case

the insured became totally and permanently disabled while the insurance was in force.

(3) That the policy of insurance was in force until April 1, 1918.

(4) That, when the plaintiff was an acting supply sergeant at Kelly Field, San Antonio, Tex., he was injured on the back of his head by the fall of a center tent pole, which injury resulted in severe headaches, vertigo, and traumatic epilepsy of Jacksonian type.

(5) That, since the injury which plaintiff received, he has at times been able to work only for short intervals at some work.

(6) That, since the injury, plaintiff has not been able to engage continuously in a gainful occupation without endangering his health.

(7) That plaintiff received an honorable discharge from the United States Army March 16, 1918, which stated that he was honorably discharged by reason of epilepsy grand mal.

(8) That, prior to the date upon which this action was commenced, the plaintiff made demand upon the Bureau of War Risk Insurance for payments of total permanent disability, and that the Bureau of War Risk Insurance refused to pay same, and that a disagreement existed between plaintiff and the Bureau of War Risk Insurance.

(9) That, since March 25, 1918, the mind and body of the plaintiff have been so impaired that it has been impossible for him to follow continuously any substantially gainful occupation.

■ It is conceded that epilepsy is not one of the disabilities which is scheduled in the regulations as a total disability, and that it should not be. There is, however, ample evidence in the case to show that the plaintiff was injured while he was in the military service, and while the insurance was in force; that thereafter, and as a result of that injury, he had dizzy spells, severe headaches, vertigo, and stupor; that he was placed in a hospital, and discharged from the Army while the insurance was in force, by reason of epilepsy grand mal; that he was placed in vocational training, and removed therefrom because of his physical or mental condition; that he secured positions through the sympathy of employers for short intervals; that he was removed from those positions because of his mental or physical condition; that he tried different classes of employment, such as working in a garage, working in a theater,

working in a railroad roundhouse, working as a bill collector; and that it was impossible for him to follow continuously any of these occupations or any other occupation. "This [total disability] does not mean that a person must be in such a physical condition as to render it impossible for him to do any work at all. If his physical condition is such that he cannot engage continuously in some gainful occupation, then he is totally disabled. The fact that he may engage in some light occupation, requiring but little physical exercise, or that he may work for short intervals at some work, would not mean that he is not totally disabled within the meaning of the policy and the regulations of the Bureau of War Risk Insurance." Marsh v. United States (D. C.) 33 F.(2d) 554, 555. "The policy is a contract. In the consideration of it every reasonable presumption must be indulged in favor of the plaintiff. He was an enlisted man, and the whole scheme of war risk insurance was designed to benefit men who thus served, and who, from any cause during the period of their service, became disabled. Great liberality of construction must therefore be indulged. If this plaintiff can be said to have become totally disabled during his service, even though the cause of it may be traced back to remote conditions, with which his service had nothing to do, I think he should recover a judgment here. The very purpose of the insurance was to protect the service man against such a misfortune." Starnes v. United States (D. C.) 13 F.(2d) 212, 213.

In Anderson v. United States (D. C. Western District of Pennsylvania) reported in 50 F.(2d) 268, Judge Schoonmaker said: "There is some evidence that he did earn some money after his discharge, but that mere fact would not prevent him from recovering the total disability fixed by the policy. The evidence showed that the work he did was intermittent and continued only for brief periods. * * * The fact that the insured may be able to perform some simple kind of physical labor intermittently does not change the total disability status."

■ I believe that a soldier who has a disability which dates back to the time when the insurance was in force, so that he is compelled to drop out of the ranks of the workers of the world, stand by the side of the road, and watch the rest of the world go by, is entitled to recover under his policy.

I find for the plaintiff, Richard A. O'Hora, and fix the date of his total and permanent disability from following continuous-

ly any substantially gainful occupation from March 25, 1918. A formal decree may be prepared accordingly and submitted for approval and entry.