## PUCKETT v. UNITED STATES.
### No. 7152.

Circuit Court of Appeals, Fifth Circuit.
May 8, 1934.

F. L. Clements, of Macon, Ga., for appellant.

Armistead L. Boothe, Atty., Department of Justice, Washington, D. C., and T. Hoyt Davis, U. S. Atty., A. Edward Smith and H. Grady Rawls, Asst. U. S. Attys., all of Macon, Ga.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

Appellant brought suit in 1932 on a war risk insurance policy, claiming total and permanent disability. The policy lapsed in 1919 for nonpayment of premiums. At the close of the evidence, the trial court directed a verdict for the government. The sole contention on this appeal is that it was error to take the case away from the jury.

■■ In support of his claim of disability, appellant proved that he has tuberculosis, which it may be assumed was both total and permanent at the time of the trial, thirteen years after the lapse of the policy. But appellant proved by his own physician that a year or two after the policy lapsed the disease was in its initial stages, and could probably have been cured by proper treatment. It is fairly inferable that his present condition is due in part, if not wholly, to his own neglect. In these circumstances, there can be no recovery. The burden was upon appellant to show by clear and convincing evidence that during the life of the policy his disability was total and of a permanent character. United States v. Martin (C. C. A.) 54 F.(2d) 554; United States v. Crume (C. C. A.) 54 F.(2d) 556; Wise v. United States (C. C. A.) 63 F.(2d) 307; United States v. Howard (C. C. A.) 64 F.(2d) 533. The testimony of appellant's physician is in accord with the generally accepted view that tuberculosis may in its initial stages be brought to an arrested state and then cured. Eggen v. United States (C. C. A.) 58 F.(2d) 616; United States v. Rentfrow (C. C. A.) 60 F.(2d) 488; Walters v. United States (C. C. A.) 63 F.(2d) 299. It would be mere speculation to conclude that appellant's disability would ever have become total and permanent if in the earlier stages of his disease he had availed himself of the opportunity that was open to him for treatment and cure.

The judgment is affirmed.