## GRATE v. UNITED STATES.
### No. 9874.

Circuit Court of Appeals, Eighth Circuit.
July 13, 1934.

Rehearing Denied Sept. 14, 1934.

Clem F. Storckman, of St. Louis, Mo. (Cullen, Fauntleroy & Edwards, of St. Louis, Mo., on the brief), for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., George C. Dyer, Asst. U. S. Atty., of St. Louis, Mo., Will G. Beardslee, Director, Bureau of War Risk Litigation, and Fendall Marbury, Atty., Department of Justice, both of Washington, D. C., for the United States.

Before SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge.

This is a suit upon a policy of war risk insurance issued to the plaintiff (appellant) in January, 1918. He was honorably discharged from the service on May 12, 1919, and kept his original policy in force by payment of premiums until July 1, 1927, at which time it was converted to a 5-year convertible term policy which he maintained in force up to the month of April, 1932. In May, 1932, he brought this suit, upon his original policy, asserting total and permanent disability since July 27, 1922, from active pulmonary tuberculosis. By its answer the government denied that the plaintiff was totally and permanently disabled while his original policy was in force, and alleged that his suit was barred by limitations. The court below held that the suit was brought in time, but, at the close of the plaintiff's evidence, directed a verdict for the government on the ground that there was no substantial evidence that his disability was permanent at any time prior to July 1, 1927. From the judgment entered upon the verdict, this appeal is taken.

In order to recover, it was necessary for the plaintiff to prove not only that he had a total disability prior to July 1, 1927, while his original policy was in force, but also that

such total disability was then permanent; that is, founded upon conditions which made it reasonably certain that it would continue throughout his life. The lay testimony and the medical testimony introduced by the plaintiff established the fact that he had had active pulmonary tuberculosis since July 27, 1922, and had done no work and was unable to work. In other words, he proved total disability during the life of his original policy. The only question was whether there was substantial evidence that his total disability was permanent during the time in question.

Four doctors testified on his behalf. The substance of their testimony is as follows:

Dr. Henske first examined the plaintiff on November 29, 1922, and found that he had active pulmonary tuberculosis, for which rest was prescribed. The doctor cared for him from that time until May 5, 1924, and gave him special treatment. Plaintiff had a "low-grade," active condition from November 29, 1922, until May 5, 1924. On cross-examination, the doctor was given the usual definition of "permanent and total disability," and was asked whether the plaintiff was permanently and totally disabled during the period with reference to which the doctor testified. At first the doctor stated that, in his opinion, he was, but thereafter said: "Well, I am not making a prognosis on the future condition. All I can qualify for is that at that time he was totally disabled."

The doctor also said that he was not a prophet, and that he could not say, in a disease like tuberculosis, that a man is totally and permanently disabled. The doctor's final statement, on redirect examination, was to the effect that, during the time he treated the plaintiff, the plaintiff had active tuberculosis and was totally unable to engage in any substantially gainful occupation, and that he could not say what the future had in store.

Dr. Cornell first examined the plaintiff in June, 1931. The plaintiff had active tuberculosis in both lungs and was totally disabled. Whether his disability was permanent or not would depend on whether he could get well. He had been in Dr. Cornell's care for two years. There had been only a slight improvement. The doctor believed that he was totally and permanently disabled in May, 1932. On cross-examination, the doctor said that when he first examined the plaintiff in June, 1931, he considered that the plaintiff was temporarily totally disabled.

Dr. Cook examined the plaintiff about November 4, 1920, and treated him for several months after that. He found active tuberculosis, and prescribed rest. The plaintiff was unable to work.

Dr. Vandover examined the plaintiff about October 10, 1922, and saw him last in August, 1923. The plaintiff had active tuberculosis and was unfit to work. The doctor considered the plaintiff at that time as being temporarily totally disabled.

The court below was of the opinion that this evidence was insufficient to justify the conclusion that, prior to July 1, 1927, the plaintiff's disability was founded upon conditions which then made it reasonably certain that the disability would continue throughout his life. The plaintiff's contention is that, since his disease had not become arrested up to the time of the trial, the jury might find that he had a total and permanent disability while his original policy was in force.

There is clearly no medical testimony to the effect that conditions existing since the conversion of the plaintiff's original policy have demonstrated that his disease was incurable prior to July 1, 1927, although not then recognized to be so. While Dr. Cornell expressed the opinion that the plaintiff was in 1932 a totally and permanently disabled man, he evidently based that conclusion on the fact that the plaintiff had made only a slight improvement in a few years and is now past forty-five years of age.

In United States v. Clapp (C. C. A. 2) 63 F.(2d) 793, 795, Judge Learned Hand, speaking for the Court of Appeals of the Second Circuit, said: "We hold that the only use to be made of information which becomes available between the lapse and the trial, is to discover what was the actual pathological condition of the insured at the lapse; the prognosis, once that is discovered, is to be made as of the lapse and without regard to what in fact followed."

Here there is no information that would warrant a conclusion that the pathological condition of the plaintiff was other than that of an incipient tubercular while his original policy was in force. In fact, there is no evidence in the record of any development in his disease since that time which places him in the class of incurables.

The conclusion reached by the court below, we think, is supported by the following cases from this and other circuits: Eggen v. United States (C. C. A. 8) 58 F.(2d) 616; Andrews v. United States (C. C. A. 8) 63 F.(2d) 184; United States v. Peters (C. C. A. 8) 62 F.(2d) 977; Nicolay v. United States (C. C. A. 10) 51 F.(2d) 170; Hirt v. United States (C. C. A. 10) 56 F.(2d) 80; United

States v. Rentfrow (C. C. A. 10) 60 F. (2d) 488; United States v. Thomas (C. C. A. 10) 64 F.(2d) 245; United States v. Harrell (C. C. A. 10) 66 F.(2d) 231; United States v. McShane (C. C. A. 10) 70 F.(2d) 991; Falbo v. United States (C. C. A. 9) 64 F.(2d) 948.

Since the court did not err in directing a verdict, it is unnecessary to determine whether the plaintiff brought his suit within the time permitted by law.

The judgment is affirmed.