## UNITED STATES v. JOHNSON.

No. 7896.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1936.

J. Gregory Bruce, Atty., Department of Justice, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Jim C. Smith, U. S. Atty., of Birmingham, Ala.

Frank M. Dixon, of Birmingham, Ala., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought this suit to recover on a policy of war risk insurance, in the amount of $5,000, issued to him while a soldier in the United States Army, on the ground that the policy had matured by reason of his permanent total disability. Error is assigned to the denial of a motion by the government for a directed verdict.

It appears that Johnson was discharged from the army January 9, 1919. The policy lapsed for nonpayment of premiums March 31, 1919. The petition alleges total permanent disability resulting from tuberculosis, pleurisy, and other ailments occurring while the policy was in force. Suit was filed September 22, 1932, some thirteen years after the policy lapsed. Medical evidence tends to show the following:

Appellee was examined shortly after his discharge by Dr. Hinds. This doctor kept no records and could not say when the examination was made. He did not take the temperature of his patient, who complained only of local pains, but who exhibited symptoms of tuberculosis. In the opinion of Dr. Hinds, at that time appellee could not do manual labor, but could engage in other activities.

Appellee was examined by Dr. Rawls in 1919. This doctor kept no records and could not say what time of the year the examination was had. Appellee then had empyema, had had the flu, and had pus around the lung in the pleural cavity, which he drained off. He operated on appellee about a year later, in 1920, for an anal fistula, which was tubercular. Since then he had seen appellee on an average of twice a year or more and had examined him with reference to tuberculosis. He went for four or five years with the tuberculosis apparently inactive, an arrested case.

Appellee was examined by Dr. Bernard in December 1926, who diagnosed his ailment as tuberculosis. After that this doctor saw him six or eight times a year, but would not say that tuberculosis was active each time he had seen him.

The above testimony was offered by appellee. For the defendant it was shown that appellee's discharge papers stated he was in good health with no disability of any kind. Dr. Burns examined him in 1932 and found no disease at all. Dr. Edmondson examined him in August, 1932, took an X-ray picture of his chest, but found no tuberculosis. Dr. Lull examined him in July, 1921, and January, 1925, found tuberculosis, but it was quiescent. Dr. Hyatt examined him in 1924 and found him suffering from pleurisy, but no tuberculosis. Dr. Shahan examined him in November, 1922, and found that his sputum was inactive, but he had an arrested case of tuberculosis. In 1922 or 1923 appellee reinstated part of his insurance and received a government life insurance policy of $2,000. In his application he stated he was in good health. On January 10, 1933, appellee applied to an insurance company for conversion of a policy, and then stated he was in good health, giving other answers that would warrant the issuance of the policy.

Appellee testified to the effect that he was unable to work continuously. It is shown conclusively that Johnson worked at the Luther store in 1914, before the war, and some two or three years after he came back, and rendered satisfactory services as manager of the store and in other clerical capacities.

Conceding that there was sufficient evidence before the jury to support the conclusion that appellee was permanently totally disabled at the date of trial, that was not enough to warrant a finding in his favor. The burden was on him to show with reasonable certainty that he was totally and permanently disabled while the policy was in force. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L. Ed. 492; United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977. We may take notice that many cases of tuberculosis are curable. Walters v. U. S. (C.C.A.) 63 F. (2d) 299; United States v. Little (C.C.A.) 77 F.(2d) 420. The evidence shows clearly that appellee's affliction must be so classed. Viewing the evidence in the light most favorable to the insured, it fails to sustain the burden of proving that the policy matured before it lapsed for nonpayment of premiums. It follows that it was error to refuse to direct a verdict for the United States.

Reversed and remanded.