### UNITED STATES v. CREW.

#### No. 7916.

Circuit Court of Appeals, Fifth Circuit.

July 25, 1936.

Wilbur C. Pickett, Sp. Asst. to Atty. Gen., Ben F. Roberts, U. S. Atty., and Whitfield Jack and J. Fair Hardin, Asst. U. S. Attys., all of Shreveport, La., for the United States.

K. Hundley, of Alexandria, La., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The appellee is the widow of Frank W. Crew, deceased, and natural tutrix of three minor children, issue of their marriage. While in the military service of appellant, there was issued to decedent, effective February 11, 1918, an insurance certificate for $9,000, which entitled him or his beneficiaries, or both, to 240 monthly payments of $51.75 each in the event of his total and permanent disability or death during the term of the policy. It is agreed that the insurance lapsed for nonpayment of premiums, unless the insured was totally and permanently disabled on May 31, 1919. The jury found that he was so disabled, and whether there was substantial evidence to support the verdict is the sole question for our determination.

The insured never made claim for disability payments under the policy, but during his life treated it as having lapsed on account of nonpayment of premiums. A recitation to this effect was contained in his application, dated July 2, 1927, for reinstatement of his term insurance in the sum of $5,000. Accepting as true all of the testimony adduced on behalf of appellee, including the opinion of Dr. Brian, and concluding therefrom that tuberculosis existed during the life of the policy, the disease was in the primary or incipient stage on May 31, 1919. After his discharge in April with no disability claimed or found, Dr. Brian examined the insured in June, 1919. The doctor had no records of the examination, but it rested upon limited physical findings characterized by him as "indications of tuberculosis," and a case history which does not appear in the record. This court and many others have held, as a matter of judicial notice, that tuberculosis in the incipient stage is not a permanent disability. United States v. Walker, 77 F.(2d) 415 (C.C.A.5th), certiorari denied 296 U.S. 612, 56 S.Ct. 132, 80 L.Ed. 434, October 14, 1935; Puckett v. United States, 70 F. (2d) 895 (C.C.A.5th), certiorari denied 293 U.S. 555, 55 S.Ct. 99, 79 L.Ed. 657; Falbo v. United States, 64 F.(2d) 948 (C.C.A.9th), affirmed per curiam 291 U.S. 646, 54 S.Ct. 456, 78 L.Ed. 1042; Grate v. United States, 72 F.(2d) 1 (C.C.A.8th), certiorari denied 294 U.S. 706, 55 S.Ct. 352, 79 L.Ed. 1241. In the case before us, it was shown by one of the plaintiff's witnesses that he (the witness) had been cured of tuberculosis by the taking of treatment in its early stages, and had worked regularly for the last ten years.

The trial court considered the question of permanency to have been "demonstrated by the fact that it ultimately took the life of the veteran." We think this was an erroneous conclusion, because the question was not whether the insured died twelve years after the lapse of the policy, but whether, under proper treatment, the disease had reached an incurable stage during the period of insurance protection. In United States v. Bryan and Duckworth, 82 F.(2d) 784, 787, decided March 19, 1936, this court said: "The fact that without getting well of his trouble the veteran finally died of it of course does not make out his case. United States v. Ellis (C.C.A.) 67 F.(2d) 765, at page 767." See, also, United States v. Johnson (C.C.A.) 81 F.(2d) 867.

In view of the conduct of the deceased from 1919 to his death in 1931, of his treating the insurance as having lapsed, of his representation that it had lapsed for nonpayment of premiums, of his statement in 1927 that he thought he had had tuberculosis for about a year, and of the other facts above mentioned, we think appellee has failed to meet the heavy burden resting upon her of showing by substantial evidence that he was totally and permanently disabled on May 31, 1919. Walters v. United States, 63 F.(2d) 299 (C.C.A.5th); Eggen v. United States, 58 F.(2d) 616 (C.C.A.8th); Nicolay v. United States, 51 F. (2d) 170 (C.C.A.10th).

Reversed and remanded for further proceedings not inconsistent with this opinion.