## BOYKO v. UNITED STATES.

### No. 3032.

District Court, M. D. Pennsylvania.

March 12, 1938.

R. L. Levy and Frank Butler, both of Scranton, Pa., for plaintiff.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., for the United States.

JOHNSON, District Judge.

Plaintiff brought an action to recover upon a contract of war risk insurance on the ground that he became permanently and totally disabled from tuberculosis on April 1, 1919. The case was tried before the court and a jury and a verdict rendered that the plaintiff became totally and permanently disabled on June 2, 1919. The government filed a motion for a new trial.

Plaintiff's evidence showed that prior to going into the army he was never sick and worked regularly as a mule driver in the mines; that he went into the army in 1917 and while at camp was sick with pneumonia for one month and spat blood for two days; that when he was in France he was sick at one time, having chest pains, and being troubled with coughing; that he coughed from then on until the time of trial; that after being discharged from the army in June, 1919, he worked for one month at his old job, and because of his weakened condition, chest pains, shortness of breath, and night sweats, he went to a public health clinic and was sent to the Hamburg Sanitarium for three months, where he was treated for tuberculosis; that he came home in December, 1919, and worked at his old job for 18 days and because of his same complaints, he went to a doctor twice a week from February to April, 1920; that a report of a medical examination taken in March 23, 1920, for the purpose of receiving vocational training showed a diagnosis of tuberculosis, moderately advanced; that thereafter he was sent to a tuberculosis sanitarium at Marklestown for three or four months, to a distributing hospital at Washington, D. C., for 15 or 20 days, and to Fort Lyons Colo., from September, 1920, to July, 1921, where he was treated for tuberculosis; that on April 13, 1921, the acting director of the Bureau of War Risk Insurance advised plaintiff that he was rated totally and permanently disabled and was entitled to monthly insurance payments of $57.50 from June 2, 1919; that he came home, where he remained from June, 1921, to March, 1923; and while at home was still troubled with the same complaints and was treated by a doctor once in a while; that in March, 1923, he was sent by the Veterans' Bureau to a vocational training school at Pocono Pines, where he received treatment and training until March, 1924; that while he was on vocational training he received $100 per month; that a report of a medical examination taken on April 25, 1923, at Pocono Pines showed a diagnosis of chronic pulmonary tuberculosis, apparently arrested condition and in moderately advanced stage; that after he returned home he worked, but not steadily, in a tailor shop for six months as part of his vocational training; that in 1925 or 1926 he worked again in the mines and quit after 18 days because he could not do the work; that in 1926 or 1927 the Veterans' Bureau twice sent him to a hospital in Philadelphia for one month each time; that after he returned he secured a job for a month topping off coal cars, and quit because of his complaints; that six weeks later he tried the same job and lasted for one month; that he went to a government hospital in New York; and that a letter of June 22, 1932, from the Veterans' Administration advised plaintiff that the Insurance Claims Council rendered a decision that he was not totally and permanently disabled for insurance purposes from April, 1918, and that no insurance would be paid to him.

Plaintiff's medical evidence, outside of the two medical reports mentioned above, was given by Dr. Wilson, whose testimony was based upon an examination of plaintiff made on March 8, 1933, and a re-examination made on March 27, 1933. Dr. Wilson testified at the trial that plaintiff "is suffering" from chronic tuberculosis; that "the exact date of onset I am not qualified to testify upon. From the history, it extended over a period of several to many years. Tuberculosis, if established in 1920, would undoubtedly be the same process in his lungs that he has at the present time. It is a chronic process, usually * * * because of the cough, pain and shortness of breath, manual labor at the present time and future will not be possible. I specified in the future—I will have to assume again that this man has had it ten years or more. He hasn't recovered. We don't know what the next ten years will bring forth."

The defendant introduced in evidence a report by three doctors of the Veterans' Bureau. The report was of an examination made October 28, 1927, and showed that

plaintiff was suffering from fibrosis, some emphysema, and a chronic bronchitis, all moderate, but that the diagnosis showed no true adult tuberculosis. Dr. Kalodner, one of the doctors who made the report, testified that at the time of the examination, plaintiff was able to follow a substantially gainful occupation continuously; that plaintiff never had active tuberculosis; that a person suffering from arrested tuberculosis, moderate bronchitis, or fibrosis is not permanently and totally disabled. Another witness testified that plaintiff paid premiums on his policy up to September, 1931, at which time the policy lapsed; and that plaintiff applied for reinstatement of the policy on April 7, 1932. The application for reinstatement, introduced in evidence, shows that, to the question, "Are you now permanently and totally disabled?" the plaintiff answered, "No."

The government moved for a new trial for the reasons that the verdict was against the law and evidence; that first the court erred in permitting Dr. Wilson to testify to the probability of plaintiff being totally and permanently disabled, and secondly to answer hypothetical questions based upon facts not in evidence; that the court also erred in refusing to charge the jury that arrested tuberculosis is not in itself a permanent and total disability; and that the court erred in refusing to charge the jury that under the evidence the verdict must be for the defendant.

■■ There was sufficient evidence on the part of the plaintiff to submit the case to the jury. The plaintiff's own testimony of his physical condition, the hospital records, and records of government doctors' examinations showing tuberculosis, during the existence of the policy, were all sufficient to take the case to the jury. In addition the evidence of plaintiff's condition showing chronic tuberculosis after the lapse of the policy was competent evidence bearing on his condition prior to the lapse of the policy, and this was also for the jury's consideration. Lumbra v. U. S., 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; U. S. v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; U. S. v. Tyrakowski, 7 Cir., 50 F.2d 766; U. S. v. Green, 5 Cir., 69 F.2d 921; Cockrell v. U. S., 8 Cir., 74 F.2d 151; U. S. v. Newcomber, 8 Cir., 78 F.2d 50; U. S. v. Jones, 10 Cir., 65 F.2d 652.

■ The weight of the testimony in this case clearly shows that the plaintiff has had

chronic tuberculosis and has been totally and permanently disabled during the continuance of the policy. It is true that for short periods he worked and received some compensation, but it is equally clear from all of the evidence that he never was able to work and should not have worked. Under all of the evidence it is clearly a question of fact for the jury and not of law for the court whether plaintiff was totally and permanently disabled from following continuously any substantially gainful occupation.

The court has examined all of the reasons assigned for a new trial and finds them without merit, and therefore they must be dismissed.

Since the question of the total and permanent disability of the plaintiff continuously to follow any substantially gainful occupation was a question of fact for the jury and since the jury were fully warranted in their verdict for the plaintiff, and no substantial errors were committed, a new trial must be refused.