**UNITED STATES v. DUPRE.**

No. 9321.

Circuit Court of Appeals, Fifth Circuit.

March 12, 1940.

316

Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., and Harvey G. Fields, U. S. Atty., and Malcolm E. Lafargue, Asst. U. S. Atty., both of Shreveport, La., for appellant.

Charles A. McCoy, Alvin O. King, and Sam H. Jones, all of Lake Charles, La., for appellee.

Before HOLMES and McCORD, Circuit Judges, and MIZE, District Judge.

MIZE, District Judge.

The appellee, Eliza Dupre, filed her suit against the United States of America based upon a contract of war risk insurance issued to her son, Ernest Dupre, in which she was the sole beneficiary. On the trial of the case in the court below judgment was granted for the appellee. The government appeals and assigns as the only error the action of the court in refusing to direct a verdict for the government.

The appellee relies upon the following authorities to support the judgment: Anderson v. United States, D.C., 50 F.2d 268; Burgoyne v. United States, 61 App.D.C. 97, 57 F.2d 764; Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; Smith v. United States, D.C., 9 F.Supp. 32; Sprow v. United States, 7 Cir., 99 F.2d 38; United States v. Bass, 7 Cir., 64 F.2d 467; United States v. Dupire, 8 Cir., 101 F. 2d 945; United States v. Francis, 9 Cir., 64 F.2d 865; United States v. Hartley, 9 Cir., 99 F.2d 923; United States v. Hill, 9 Cir., 99 F.2d 755; United States v. Jones, 10 Cir., 65 F.2d 652; United States v. Lynch, 5 Cir., 67 F.2d 835; United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; United States v. Stewart, 61 App.D.C. 115, 58 F.2d .520; United States v. Thomas, 10 Cir., 64 F.2d 245.

An examination of these authorities discloses that they are not applicable to the facts of the present case. There is no new point of law raised by the facts of the instant case. The record reflects without dispute that Ernest Dupre, the son of the appellee, entered the service of the United States in the Armed Military Force on June 29, 1918 and at that time was in good health. He was honorably discharged on June 21, 1919 and the premiums on his policy were paid through the month of June, 1919. Thereafter no further payments were made, but his policy was extended by the grace period and kept in force until July 31, 1919. After the veteran's discharge and return home to Lake Charles, Louisiana, he was not in good health and about thirty days after his return he consulted his family physician, Dr. U. C. Hayes. At the time of his return he was coughing and having fever and the condition of his health had changed from what it was prior to his entry in the army. He continued coughing, and especially at night he did not rest well and had night sweats almost continuously from the time of his return until the time of his death from tuberculosis in June, 1921. It is shown, however, without dispute, by Dr. Hayes, who was the only medical witness offered by the appellee, that upon his first examination the veteran was probably suffering with incipient tuberculosis. No microscopic examination nor X-ray test was made, but it was the doctor's opinion that at that time he had incipient tuberculosis,—that he had all the symptoms of incipient tuberculosis. It is without dispute that his physician advised and recommended rest and that he not work. The veteran, however, did not follow this advice and the record shows without dispute that he worked several months, although rather intermittently. His doctor would see him from time to time and at various times he appeared to be better, or improving, and then recurrences would appear. The doctor did not try to obtain hospitalization for him, and as far as the record shows, no one else attempted to secure hospitalization for him.

The expert testimony in the record shows that about 75% or 80% of those having incipient tuberculosis are cured. There is no evidence in the record indicating that at the time of the lapse of his policy he had anything other than incipient tuberculosis; indeed, it is doubtful if it could be said, with a reasonable degree of certainty, that he probably had tuberculosis in its incipiency at that time.

The law governing the rights under a war risk insurance policy is so well settled at this time that it is almost needless to cite authorities. It may be said generally that in order for one to recover

on his policy of war risk insurance it is necessary that the plaintiff establish by substantial evidence that before its lapse for nonpayment of premiums he was suffering from some physical impairment which prevents him from carrying on continuously a substantially gainful occupation and that this impairment was based upon such conditions as then rendered it reasonably certain that it would continue throughout his life. Total disability, unless permanent, is not sufficient. Permanent disability, unless total, is not sufficient. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617.

The courts take judicial knowledge of the fact that tuberculosis in its incipient stage is curable with proper care and treatment. United States v. Johnson, 5 Cir., 81 F.2d 867; United States v. Watson, 4 Cir., 107 F.2d 370; United States v. Brewer, 5 Cir., 97 F.2d 899. The fact that the veteran subsequently died of tuberculosis is not sufficient to make out his case. United States v. Bryan, 5 Cir., 82 F.2d 784. It was the duty of the veteran to follow the advice of his physician and to rest and take proper treatment in an effort to arrest the disease. If he fails to do this, he cannot be heard to claim that his disability, which was temporary, will become permanent. United States v. Johnson, 5 Cir., 81 F.2d 867; United States v. Brewer, 5 Cir., 97 F.2d 899; United States v. Bryan, 5 Cir., 82 F.2d 784; United States v. Lynch, 5 Cir., 67 F.2d 835.

The court, in determining whether or not a directed verdict should be given, is required to assume as true on behalf of the party against whom the directed verdict is requested all the evidence in his favor, together with all the reasonable inferences that justifiably could be drawn from it. Thus assuming such evidence and the reasonable inferences therefrom to be true, if it does not constitute a basis for a verdict for the plaintiff or the defendant, as the case may be, then such verdict, if returned, would have to be set aside. Slocum v. New York Life Insurance Company, 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed 879, Ann.Cas. 1914D, 1029; Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720.

Applying this rule of law to the facts of the instant case, we are of the opinion that the lower court should have directed a verdict for the defendant.

The judgment of the district court is reversed and remanded for further proceedings not inconsistent with this opinion.